**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

THOMAS BEAUCHAMP
ADC #059296                                                          PLAINTIFF

V.                          NO: 4:06CV00333 SWW

ARKANSAS, STATE OF *et al.*                                          DEFENDANTS

## ORDER

Plaintiff, an inmate at the Ouachita River Correctional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by taking money and jewelry, which belonged to his daughter, from a safe in his home.  Because Plaintiff has failed to state a cognizable claim for relief under § 1983, the Court recommends that Plaintiff's complaint be dismissed with prejudice.

### I.  Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th

Cir. 1998).  When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Plaintiff's Claims

According to Plaintiff, on or about February 20, 2004, members of the group six drug task force came to his house, and seized about $3,500.00 in cash, three shotguns, and jewelry.  Plaintiff asserts that the money and jewelry belonged to his daughter, Tommie Jo Head.  For relief, Plaintiff seeks the return of his daughter's property.

## III.  Analysis

A plaintiff invoking federal jurisdiction must establish "standing" to pursue a particular claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  As part of the standing requirement, a plaintiff must show that he or she has suffered "an injury in fact" that is concrete and particularized, not conjectural or hypothetical.  *Id.*  A "particularized" injury is one that affects a plaintiff in a personal and individual way.  *Id.* at 561 n.4.  To meet the injury-in-fact requirement, the party invoking federal jurisdiction must be among those injured by the defendant's conduct.  *Steger v. Franco*, 228 F.3d 889, 893 (8th Cir. 2000).

Plaintiff's complaint fails to state a claim because he is seeking relief for a loss allegedly sustained not by him, but by his daughter.  He therefore lacks standing to bring the claim, and his

complaint must be dismissed.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's complaint (docket entry #2) is DISMISSED for failure to state a claim upon which relief may be granted.

2.      This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certifies that, pursuant to 28 U.S.C. § 1915(g), any appeal from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 17th day of March, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE